UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Russell W. Hamner, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action H-21-2380 |
| § | |
| Jose Angel Moreno, et al., § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Defendants' motion to dismiss, ECF No. 12, and Plaintiff's motions seeking relief from an earlier judgment based on fraud on the court, ECF Nos. 14, 15. The court recommends that Defendants' motion to dismiss be granted, that Plaintiff's motions be denied, and that this case be DISMISSED with prejudice.

### 1. Background and Procedural Posture

In 2011, Plaintiff Russell Hamner filed suit against the United States in this district seeking to have the Social Security Act declared unconstitutional. *See Hamner v. United States*, H-11-cv-2577, ECF No. 1 (S.D. Tex. July 8, 2011). The United States Attorney defended the case. *See id.* at ECF No. 9. United States District Judge Nancy Atlas granted the United States' motion to dismiss under Rule 12(b)(6). *See id.* at ECF No. 12. Hamner appealed, and the United States Court of Appeals for the Fifth Circuit affirmed. *See id.* at ECF No. 19.

Now, a decade later, Hamner has sued the then United States Attorney, the Assistant United States Attorney assigned to the case, two lawyers that represented the Social Security Administration, Judge Atlas, and the three United States Circuit Judges on the appellate panel that affirmed the district court's judgment. ECF No. 1. Hamner seeks relief from the 2011 judgment under Federal Rule of Civil Procedure 60(d)(1) & (3).[1]

## 2. Analysis

A party seeking relief from a judgment may file a motion under Rule 60(b) in the same case as the judgment was entered. Rule 60(b) allows the court to relieve a party from a judgment based on, among other things, mistake, newly discovered evidence, fraud or misconduct by an opposing party. For motions filed for any of those three reasons, Rule 60(c)(1) sets a one-year limitations period from "the entry of the judgment or order or the date of the proceeding." Rule 60(d)(1) preserves the district courts' power to entertain an independent action, that is, a separate case seeking relief from a judgment. Rule 60(d)(3) preserves the district courts' power to set aside a judgment for fraud on the court. The court has reviewed Hamner's filings

---

[1] Although Hamner's complaint appeared to seek relief for various statutory violations, he later clarified that he is not seeking any relief under the cited statutes. *See* ECF Nos. 1, 22. He seeks only relief from the 2011 judgment. ECF No. 22.

and, construing them quite liberally, understands this case to be an independent action seeking relief from the 2011 judgment because it is a product of fraud.

The Fifth Circuit has recognized "a narrowly limited independent action to set aside a judgment for fraud on the court." *Lall v. Bank of New York Mellon*, 783 F. App'x 375, 379 (5th Cir. 2019). Such an action "embraces only the species of fraud which does or attempts to[] defile the court itself[] or is a fraud perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.* (quoting *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989)).

There are five essential elements for an independent action for relief from a judgment under Rule 60(d)(1): "(1) a prior judgment which 'in equity and good conscience' should not be enforced; (2) a meritorious claim in the underlying case; (3) fraud, accident, or mistake which prevented the party from obtaining the benefit of their claim; (4) the absence of fault or negligence on the part of the party; and (5) the absence of an adequate remedy at law." *Turner v. Pleasant*, 663 F.3d 770, 776 (5th Cir. 2011) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667–68 (5th Cir. Unit A July 1981)). "A party cannot relitigate 'in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action.'" *Sinesterra v. Roy*, 347 F. App'x 9, 10 (5th Cir. 2009) (quoting *Bankers Mortg. Co.*

3

*v. United States*, 423 F.2d 73, 78–79 (5th Cir. 1970)). Hamner fails to present factual or legal support for any of these essential elements.

Hamner alleges that the attorneys for the government in the 2011 case perpetrated a fraud on the court when they, according to Hamner, misconstrued his arguments. Hamner claims that he was seeking to have the Social Security Act declared unconstitutional because it violated the Establishment Clause. He argues that counsel for the government recast his arguments as complaining that the Social Security Act imposed an unconstitutional tax. The government lawyers' conduct in the 2011 case was entirely proper. Hamner has not shown that there was any misrepresentation of law or fact to the court. Even if counsel for the government misconstrued Hamner's arguments, he has not shown that would rise to the level of fraud or misconduct that would fall within the ambit of Rule 60(d).

Hamner argues that the judges named as defendants participated in the scheme of fraud by misconstruing his arguments. The judges performed their functions properly. Hamner points to nothing that suggests that the judges committed any fraud on the court.

In any event, this action is barred by the one-year statute of limitations set forth in Rule 60(c). "[I]f a plaintiff's allegations could form the basis for a Rule 60(b)(2) or (b)(3) motion, but the action is outside the one-year limitations period and does not rise to the level of a miscarriage of justice, an independent action must

4

fail." *ABC Utils. Servs. Inc. v. Orix Fin. Servs. Inc.*, 98 F. App'x 992, 994 (5th Cir. 2004). That is because "[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Id.*

Every factual allegation set forth in Hamner's complaint was known to him during the pendency of the 2011 case. He could have, but did not, file a motion under Rule 60(b) for fraud on the court.

### 3. Conclusion

Because Hamner has not alleged any facts against Defendants that may warrant relief, he has not met his burden to defeat the motion to dismiss.

The court finds that an amendment of Hamner's complaint would be futile. Hamner has fully briefed the issues raised in the motion to dismiss. There is no reason to believe that he could amend his complaint to state a viable claim under Rule 60. Given the history of this case, the court finds that Hamner is "unwilling or unable to amend in a manner that will avoid dismissal." *See Great Plains Tr. Co.*, 313 F.3d at 329.

Accordingly, the court recommends that Defendants' motion to dismiss, ECF No. 12, be GRANTED and that this case be dismissed with prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 21, 2022.

_____
Peter Bray
United States Magistrate Judge